UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20512-ALTMAN

UNITED STATES OF AMERICA

v.

DAYMEON WILLIS,

    Defendant.
_____/

## GOVERNMENT'S BRIEF

**I.**    **Factual Background**

On June 20, 2023, the jury trial in the instant case began.

On June 22, 2023, the United States called Miami-Beach Police Department Detective Ryan Chin to testify in its case-in-chief. During the direct examination of Detective Chin, the undersigned asked Detective Chin if he could identify Daymeon Willis ("Defendant"). Detective Chin was unable to do so.

During Detective Chin's testimony, while Detective Chin was being asked to identify the Defendant in the courtroom, a government attorney overseeing the trial in the gallery observed Alcohol Tobacco and Firearms Special Agent Eric Blanco, seated at government counsel table, lift up a file folder in his left hand and use his right hand to point towards the table where the Defendant was seated. The government attorney alerted the trial teams, both the government trial team and the defense trial team, none of whom observed the event.

The United States is willing to sign a trial stipulation to the aforementioned facts.

Upon alerting the defense and the court to the incident, the United States agreed that Agent Blanco should be excused from the courtroom for the remainder of trial. The United States also does not oppose the defense calling Agent Blanco in its case in chief to question him about the incident, any bias, and any potential effect on the evidence presented in the case.

The defense has not confirmed that they intend to call Agent Blanco as a witness. Instead, the defense has indicated that they want to call the government attorney overseeing the trial ("supervisory trial attorney") as a witness to Agent Blanco's conduct as evidence of bias. The United States advised the defense that, without waiving its objections herein, it would accept service of a subpoena for the testimony of the supervisory trial attorney via email, but noted that the defense needed to comply with 28 C.F.R. § 16.23. Defense has yet to do so.

## ARGUMENT

**A.    The Evidence of Bias is Not Relevant to the Issues at Trial.**

Relevant evidence is admissible, whereas irrelevant evidence is never admissible. *See* Fed. R. Evid. 402.  Here, the admission of Special Agent Eric Blanco's gesture as bias towards the Defendant falls on the latter portion of the above rule.  A brief analysis of Special Agent Blanco's testimony and role in the prosecution case reveals why.

The prosecution's case revolves around the collection of evidence from a state search warrant that was executed at an apartment where the Defendant resided.  That search warrant was executed on August 11, 2022.  From the search warrant, Miami-Beach Police Department detectives recovered a firearm.  That firearm is what led to an indictment being filed in the instant matter.

Special Agent Blanco's testimony on direct examination painted a clear picture as to his involvement in the gathering of evidence against the Defendant prior to and on August 11, 2022.

The answer: he was not involved at all. To show this, Special Agent Blanco stated on direct examination that he was not involved in the investigation of the case until August 17, 2022—that is six days after the search warrant of the residence where a firearm was found. This is true because Special Agent Blanco did not work with any of the police departments or other federal agency that conducted the underlying investigation.

Aside from having no role in the underlying investigation and collection of evidence from the search warrant, Special Agent Blanco's role in the case was minimal. Special Agent Blanco's investigative role was comprised of administrative tasks and the collection of documentary evidence from third parties, *i.e.*, submitting subpoenas and obtaining certified records. To the extent the defense is concerned about Special Agent Blanco's participation in the preparation of other witnesses for trial, that evidence is not currently in the record because neither party elicited the confirmation or denial of this during direct or cross examination. Indeed, the defense had full opportunity to cross examine each and every one of the United States' witnesses and chose not to inquire as to any witness's preparation for trial, including any meetings with the prosecution team.

The Defendant will not be prejudiced by the barring of this evidence for the additional reason that Special Agent Blanco's trial testimony was limited. Special Agent Blanco's testimony pertained to the collection of evidence after the August 11, 2022, search warrant and the arrest of the defendant on the instant indictment.[1] Therefore, any bias from his actions could only be connected to his own actions and not imputed on the prosecution team as a whole.

---

[1] The United States respectfully requests that, if the Court allow the Defendant to elicit this collateral evidence, it be allowed to recall every witness from its case-in-chief in a rebuttal case to elicit that they were not coached or otherwise tainted by Special Agent Blanco.

**B.     There is No Compelling Need to Elicit Testimony from the Supervisory Trial Attorney.**

"The federal courts have universally condemned the practice of a government prosecutor's testifying at a trial in which he is participating; such testimony is permitted only if required by a compelling need." *United States v. Roberson*, 897 F.2d 1092, 1098 (11th Cir. 1990) (quoting *United States v. Tamura*, 694 F.2d 591, 601 (9th Cir. 1982). "There could be no compelling need to call the prosecuting attorney unless she was a necessary witness." *Id.* (internal quotation marks omitted). But that rule is relaxed "where the witness is an attorney for one of the parties, but is not trial counsel." 27 Fed. Prac. & Procedure § 6012 (2d ed.).

Here, the supervisory trial attorney is a part of the trial team. A brief description of her role explains why. The supervisory trial attorney is a deputy chief in the major crimes section of the United States Attorney's Office for the Southern District of Florida. As a deputy chief, she oversees various line AUSAs. One of the line AUSAs that she oversees is AUSA Zachary Keller, who is second chair in the instant jury trial. In overseeing AUSA Zachary Keller, the supervisory trial attorney was privy to a vast majority, if not all, of the conversations regarding the trial strategy of the prosecution team. But her involvement in the trial team did not stop there. The supervisory trial attorney also supervised the undersigned and AUSA Zachary Young at trial—which is why she was present when she observed the conduct at issue. Indeed, the supervisory trial attorney was pivotal in the preparation of the United States' case-in-chief and the delivery of same to the panel of jurors.

Since the supervisory trial attorney is a part of the trial team, the Defendant must establish that there is a "compelling need" to have her testify. The Defendant cannot do so because the supervisory trial attorney is not a necessary witness for two reasons.

First, the *real* necessary witness is Special Agent Blanco. This is true because it is his testimony from where the alleged bias to the Defendant flows from. Therefore, if the Defendant elects to elicit the gesture as evidence of bias, it should be confined to eliciting such testimony from Special Agent Eric Blanco.

Second, to the extent the Court finds the evidence relevant, the United States is willing to enter into a trial stipulation that would obviate the need for the supervisory trial attorney to testify.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: June 23, 2023

By: */s/ Stefan Diaz Espinosa*
STEFAN DIAZ ESPINOSA
Assistant United States Attorney
U.S. Attorney's Office – SDFL
Fla. Bar No. 1010217
99 NE 4th Street, 6th Floor
Miami, Florida 33132
Tel: (305) 961-9124
Email: Stefan.Diaz.Espinosa@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 23, 2023 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ Stefan Diaz Espinosa*
Stefan Diaz Espinosa
Assistant United States Attorney